DA 10-0285

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 47N

IN THE MATTER OF DANIEL M.,

    A Youth/Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DJ 07-02
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Anita Roessmann, Attorney at Law, Helena, Montana

    For Appellee:

    Steve Bullock, Montana Attorney General; Tammy K. Plubell, Assistant Attorney General, Helena, Montana

    Mitchell Young, Lake County Attorney, Polson, Montana

Submitted on Briefs:   February 9, 2011

Decided:   March 16, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Daniel M.[1] (Daniel) appeals from an order of the Youth Court for the Twentieth Judicial District Court, Lake County, revoking his probation and committing him to an out-of-state behavioral treatment program. We affirm.

¶3      Daniel is seventeen years old and has been diagnosed with bipolar disorder, Asperger's Syndrome, oppositional defiant disorder, and obsessive-compulsive disorder. The Youth Court adjudicated Daniel a juvenile delinquent and persistent juvenile offender at age fourteen and committed Daniel to the Department of Corrections until age eighteen, with all time suspended. Daniel spent the next two years in out-of-state treatment programs and in detention in Montana before being discharged from Normative Services, Inc. (Normative) and returning home.

¶4      Once at home, Daniel enrolled as a sophomore in high school. Daniel met daily with a therapist and had an individual education program (IEP) in place. Daniel's attendance, behavior, and performance eventually began to "slip." In March 2009, Daniel committed the offense of disorderly conduct. The Youth Court revoked his probation and reinstated it with the additional conditions that Daniel continue to participate in therapy and remain employed.

Daniel continued to "slip" during his junior year of high school and by the second semester, he was failing all of his classes and had been present at only one day of school.

¶5    In December 2009, Daniel was charged with misdemeanor assault for punching another student. The Youth Court found the offense constituted a violation of his probation. On April 15, 2010, the Youth Court revoked Daniel's probation and ordered Daniel to return to out-of-state treatment at Normative. The duration of Daniel's stay depends upon his own efforts. He will be placed in a residential step-down program upon his discharge from Normative. Daniel appeals.

¶6    We restate the issues Daniel raises on appeal as follows:

¶7    *Issue 1: Did the Youth Court act in accordance with the Youth Court Act (YCA) and properly exercise its discretion in revoking Daniel's probation and sending him to an out-of-state behavioral treatment program?*

¶8    We review the youth court's interpretation and application of the YCA for correctness. *In re K.D.K.*, 2006 MT 187, ¶ 15, 333 Mont. 100, 141 P.3d 1212. In conducting our review, we will not overturn the youth court's judgment absent a clear abuse of discretion. *In re C.D.H.*, 2009 MT 8, ¶ 21, 349 Mont. 1, 201 P.3d 126.

¶9    Daniel argues on appeal that out-of-state treatment is unnecessary and is not justified by the record; instead, a better result can be achieved by developing an IEP at home. Daniel urges us to interpret the YCA, Title 41, chapter 5, MCA, as limiting the court's discretion

---

[1] Daniel M. is a fictitious name intended to protect the youth's privacy.

and argues that the court's order is motivated by punitive reasons and violates the rehabilitative and family preservation purposes of the YCA.

¶10 The purposes of the YCA include preserving the unity and welfare of the family; providing for the care, protection, and development of youths; preventing youth delinquency; preserving the family environment by separating youths from parents only when necessary; and, providing judicial procedures to ensure fairness. Section 41-5-102, MCA. "If a youth is found to have violated a term of probation, the youth court may make any judgment of disposition that could have been made in the original case." Section 41-5-1431, MCA. Here, the original disposition the court could have imposed includes placement in a private out-of-home facility. Sections 41-5-1512 through -1513, MCA.

¶11 After reviewing the record, we conclude the court properly exercised its discretion and acted within the bounds of the YCA. Daniel was unable to succeed at home and at other treatment facilities, but he had progressed at Normative. The court's desire to return Daniel to Normative was not punitively motivated, but was motivated by a concern that Daniel succeed. The order comports with the YCA, as it contemplates Daniel's rehabilitation and eventual return to his family.

¶12 *Issue 2: Should this Court consider the alleged inadequacy of Daniel's IEP and/or the lack of a youth placement committee recommendation?*

¶13 For the first time on appeal, Daniel claims his IEP was inadequate and blames his school district and the IEP for his criminal conduct. Daniel concedes that a youth court is generally not the proper forum to attack the adequacy of an IEP. Daniel also claims for the

4

first time on appeal that the youth placement committee made no recommendation for his placement at Normative, thus violating Montana statute.

¶14    We decline to review these issues, as they are raised for the first time on appeal. *See In the Matter of K.J.*, 2010 MT 41, ¶ 19, 355 Mont. 257, 231 P.3d 75.

¶15    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶16    Affirmed.

                                        /S/ MICHAEL E WHEAT


We Concur:


/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ BRIAN MORRIS